UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Larissa A. Smith,                       ) | Civil Action No.: 1:14-cv-04400-RBH |
|                                              ) | |
|     Plaintiff,           ) | |
|                                              ) | |
| v.                                         ) | **ORDER** |
|                                              ) | |
| Carolyn W. Colvin, Acting      ) | |
| Commissioner of the Social   ) | |
| Security Administration,         ) | |
|                                              ) | |
|     Defendant.         ) | |
| _____) | |

Plaintiff Larissa A. Smith seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for supplemental security income (SSI) benefits under the Social Security Act (the Act). The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation (R & R) of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. *See* R & R, ECF No. 16; Pl.'s Objs., ECF No. 17. The Magistrate Judge recommends the Court affirm the Commissioner's decision. R & R at 1, 45.

**Factual Findings and Procedural History**

Plaintiff applied for SSI benefits on February 17, 2011, alleging disability as of February 1, 2005.[1] *See* Administrative Transcript (Tr.) at 18, 151-57; *see also* ECF No. 6. The Commissioner denied Plaintiff's application initially and on reconsideration, so Plaintiff requested a hearing before

---

[1] As the Magistrate Judge notes, a claimant cannot receive SSI benefits for any period prior to the month in which she files her application. *See* 20 C.F.R. §§ 416.330, 416.335, 416.501. Thus, the correct period for determining whether Plaintiff was disabled is February 2011 through the date of the ALJ's hearing decision, June 13, 2013.

an administrative law judge (ALJ). Tr. at 86-89, 95-96. The ALJ held a hearing on April 9, 2013, and he heard testimony from Plaintiff and a vocational expert. Tr. at 34-56. The ALJ issued an unfavorable decision on June 13, 2013, finding Plaintiff was not disabled. Tr. at 15-32. The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since February 17, 2011, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: obesity, fibromyalgia, post-traumatic stress disorder, diabetes mellitus, sarcoidosis, and degenerative disc disease. (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk occasionally except that the claimant can never balance or climb and can occasionally crawl, kneel, and crouch. She can have no exposure to temperature extremes, high humidity, pulmonary irritants, unprotected heights, or dangerous machinery. The claimant is limited to simple, repetitive, routine tasks and cannot work in a fast-paced production environment.
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on November 24, 1974 and was 36 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

>    7.   The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
>    8.   Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).
>
>    9.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
>    10.  The claimant has not been under a disability, as defined in the Social Security Act, since February 17, 2011, the date the application was filed (20 CFR 416.920(g)).

Tr. at 20-27.

The ALJ's findings became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on September 9, 2014. Tr. 1-3. Plaintiff filed this action on November 13, 2014, seeking judicial review of the Commissioner's decision. ECF No. 1. Both Plaintiff and the Commissioner filed briefs, and the Magistrate Judge issued an R & R on September 21, 2015, recommending that the Court affirm the Commissioner's decision. ECF Nos. 12, 14, & 16 (R & R). Plaintiff filed timely objections on October 8, 2015. ECF No. 17 (Pl.'s Objs.). Defendant filed a reply to Plaintiff's objections but did not specifically address Plaintiff's arguments. ECF No. 18.

## **Legal Standards**

**I.   Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than

a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II.     The Court's Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**III.  Determination of Disability**

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is

5

therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a), 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1), 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 and 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether she suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents her from returning to previous work, and (5) whether the impairment prevents her from performing some other available work.

Regarding SSI disability benefits, the standard "consists of a two-fold test which it is a claimant's burden to satisfy: First, there must be a medically determinable physical or mental impairment, and second, the impairment must be such as to render her unable to engage in substantial gainful employment." *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981) (citing 42 U.S.C § 423(d); 20 C.F.R. § 404.1501(b)).

## **Discussion**

Plaintiff has raised three issues in appealing from the ALJ's decision denying her claim for SSI benefits, arguing the ALJ erred by (1) not explaining his findings regarding Plaintiff's residual

functional capacity (hereinafter, "RFC"), (2) not adequately considering and weighing the medical opinions of two of Plaintiff's treating physicians, and (3) failing to properly evaluate Plaintiff's credibility. ECF No. 12 at 19-35. The Magistrate Judge recommends affirming the Commissioner's decision on all three issues. R & R at 1, 45. Plaintiff objects to the Magistrate Judge's recommendation. Pl.'s Objs at 1-11. For the following reasons, the Court concludes remand is necessary for the ALJ to reevaluate the severity of Plaintiff's fibromyalgia and how it affects her RFC.[2]

## I.    Applicable Law

RFC is a determination, based on all the relevant medical and non-medical evidence, of what a claimant can still do despite her impairments; the assessment of a claimant's RFC is the responsibility of the ALJ. *See* 20 C.F.R. §§ 404.1520, 404.1545, 404.1546; SSR 96-8p, 1996 WL 374184, at *2. If more than one impairment is present, the ALJ must consider all medically determinable impairments, including medically determinable impairments that are not "severe," when determining Plaintiff's RFC. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. § 404.1523; *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) ("[I]n evaluating the effect[] of various impairments upon a disability benefit claimant, the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them.").

Social Security Ruling 96-8p explains how the Commissioner assesses RFC. *See* SSR 96-8p. "The Ruling instructs that the residual functional capacity 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a

---

[2]    Because the Court concludes reversal and remand is necessary regarding the RFC issue, the Court does not specifically address Plaintiff's second and third issues.

function-by-function basis, including the functions' listed in the regulations." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996), *available at* 1996 WL 362207). "'Only after that may [RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy.'" *Id.* (quoting SSR 96-8p). Ruling 96-8p requires that the RFC assessment "'include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" *Id.* (quoting SSR 96-8p).

## II.     Analysis

The ALJ found at step two that Plaintiff's fibromyalgia constituted a severe impairment;[3] however, the ALJ determined at step three that Plaintiff's fibromyalgia did not meet or medically equal the severity of any one of impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and he assigned Plaintiff an RFC to perform sedentary work.[4] Tr. at 20, 22. As Plaintiff points out, this RFC determination is very narrow in scope and only slightly above an RFC assessment that would support

---

[3]     The ALJ also found that Plaintiff had other severe impairments—namely, degenerative disc disease, obesity, post-traumatic stress disorder, diabetes mellitus, and sarcoidosis—but that none of these impairments or combination of impairments met or medically equaled the severity of any one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at 20. In her objections, Plaintiff focuses her argument on the ALJ's RFC assessment as it relates to her fibromyalgia. *See* Pl.'s Objs. at 1-4.

[4]     In full, the RFC determination made by the ALJ was as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk occasionally except that the claimant can never balance or climb and can occasionally crawl, kneel, and crouch. She can have no exposure to temperature extremes, high humidity, pulmonary irritants, unprotected heights, or dangerous machinery. The claimant is limited to simple, repetitive, routine tasks and cannot work in a fast-paced production environment.

Tr. at 22.

a finding of total disability. *See* Pl.'s Objs. at 1. Plaintiff argues the ALJ failed to adequately account for her fibromyalgia when assessing her RFC. In making this argument, Plaintiff contends the ALJ failed to properly account for her medically determinable impairment of fibromyalgia in accordance with Social Security Ruling 12-2p.[5] *Id.* at 2-4. The Court agrees.

"Although there is no medical listing for fibromyalgia, Titles II and XVI of Social Security Ruling 12-2p provide[] guidance on how the Commissioner develops evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how to evaluate fibromyalgia in disability claims and continuing disability reviews." *Smith v. Colvin*, No. 2:14CV00042, 2015 WL 7571946, at *7 (W.D. Va. Nov. 24, 2015) (citing SSR 12-2p, 77 Fed. Reg. 43,640 (July 25, 2012), *available at* 2012 WL 3104869). Ruling 12-2p defines fibromyalgia as a "complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p, 77 Fed. Reg. at 43,641. Ruling 12-2p explains how the Commissioner considers fibromyalgia in the five-step sequential evaluation process—including the RFC assessment—for determining disability:

> How do we consider FM [fibromyalgia] in the sequential evaluation process? As with any adult claim for disability benefits, we use a 5-step sequential evaluation process to determine whether an adult with an MDI [medically determinable impairment] of FM is disabled.
>
> A.   At step 1, we consider the person's work activity. If

---

[5] Plaintiff did not specifically address Ruling 12-2p in her brief; rather, the Magistrate Judge cited Ruling 12-2p (in passing reference) for the first time in the R & R. *See* R & R at 37. The Court will address Plaintiff's argument concerning Ruling 12-2p in light of its duty to consider all arguments directed to an issue, regardless of whether the arguments were presented to the Magistrate Judge. *See generally United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate. By definition, *de novo* review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate." (footnote omitted)).

          a person with FM is doing substantial gainful activity, we find that he or she is not disabled.

B.    At step 2, we consider whether the person has a "severe" MDI(s). If we find that the person has an MDI that could reasonably be expected to produce the pain or other symptoms the person alleges, we will consider those symptom(s) in deciding whether the person's impairment(s) is severe. If the person's pain or other symptoms cause a limitation or restriction that has more than a minimal effect on the ability to perform basic work activities, we will find that the person has a severe impairment(s).

C.    At step 3, we consider whether the person's impairment(s) meets or medically equals the criteria of any of the listings in the Listing of Impairments in appendix 1, subpart P of 20 CFR part 404 (appendix 1). FM cannot meet a listing in appendix 1 because FM is not a listed impairment. At step 3, therefore, we determine whether FM medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment.

D.    **Residual Functional Capacity (RFC) assessment: In our regulations and SSR 96-8p, we explain that we assess a person's RFC when the person's impairment(s) does not meet or equal a listed impairment. We base our RFC assessment on all relevant evidence in the case record. We consider the effects of all of the person's medically determinable impairments, including impairments that are "not severe." For a person with FM, we will consider a longitudinal record whenever possible because the symptoms of FM can wax and wane so that a person may have "bad days and good days."**

E.    At steps 4 and 5, we use our RFC assessment to determine whether the person is capable of doing any past relevant work (step 4) or any other work that

> exists in significant numbers in the national economy (step 5). If the person is able to do any past relevant work, we find that he or she is not disabled. If the person is not able to do any past relevant work or does not have such work experience, we determine whether he or she can do any other work. The usual vocational considerations apply.

*Id.* at 43,643-44 (bold emphasis added) (internal footnotes omitted). Ruling 12-2p further provides that the Commissioner may find a claimant has a medically determinable impairment of fibromyalgia if the claimant meets all three of the following criteria: (1) a history of widespread pain, (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions,[6] and (3) evidence that other disorders could cause these repeated manifestations were excluded.[7] *Id.* at 43,642.

The Court finds the ALJ failed to adequately examine the severity of Plaintiff's fibromyalgia in determining Plaintiff's RFC and failed to properly evaluate Plaintiff's fibromyalgia as required by Social Security Ruling 12-2p. In its decision denying Plaintiff's claim for SSI benefits, the ALJ devoted a single paragraph to Plaintiff's fibromyalgia:

> The claimant has presented with positive tender points and received a diagnosis of fibromyalgia. (Exhibit C14F). However, ***musculoskeletal and neurological examinations have generally been within normal limits***. Images taken of the claimant's lumbar spine in October 2009 showed mild to moderate foraminal narrowing with no definite impingement at L4-L5. As mentioned above, she has had ***normal musculoskeletal examinations*** with no diminished range

---

[6] These manifestations "especially" include "fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome." SSR 12-2p, 77 Fed. Reg. at 43,642 (internal footnote omitted).

[7] "Other physical and mental disorders may have symptoms or signs that are the same or similar to those resulting from FM. Therefore, it is common in cases involving FM to find evidence of examinations and testing that rule out other disorders that could account for the person's symptoms and signs." SSR 12-2p, 77 Fed. Reg. at 43,641-42 (internal footnote omitted). "Some examples of other disorders that may have symptoms or signs that are the same or similar to those resulting from FM include rheumatologic disorders, myofacial pain syndrome, polymyalgia rheumatica, chronic Lyme disease, and cervical hyperextension-associated or hyperflexion-associated disorders." *Id.* at 43,642 n.7.

11

of motion noted.  (Exhibit C10F).

Tr. at 25 (emphases added).  Elsewhere in his decision, the ALJ noted, "While the claimant has received medical treatment since her alleged onset date, the medical evidence of record does not reflect any ***objective abnormalities*** to suggest that she is incapable of performing the above residual functional capacity assessment." Tr. at 24 (emphasis added).  The ALJ's erroneous reliance on a lack of objective medical evidence to support Plaintiff's fibromyalgia symptoms shows a misunderstanding of the nature of Plaintiff's fibromyalgia diagnosis and the severity of her symptoms.

"[T]he absence of objective medical evidence to substantiate the diagnosis of fibromyalgia or its severity is basically irrelevant." *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 864 (6th Cir. 2011).  "Numerous courts have recognized that fibromyalgia's symptoms are entirely subjective and [that] there are no laboratory tests that can confirm the presence or severity of the syndrome." *Dowell v. Colvin*, No. 1:12CV1006, 2015 WL 1524767, at *3 (M.D.N.C. Apr. 2, 2015) (alteration in original) (internal quotation marks omitted) (collecting cases).[8]  "The primary symptom of fibromyalgia is chronic, widespread pain.  Moreover, as the Second Circuit explained, 'physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions.'"  *Id.* (internal citation omitted) (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 108-09 (2d Cir. 2003)).

Significantly, "the nature of fibromyalgia means that a patient's ability to perform certain tasks or postural maneuvers on a given day does not necessarily reflect an ability to perform those tasks and maneuvers on a sustained basis." *Winkler v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-14-2720, 2015 WL 4069334, at *4 (D. Md. July 2, 2015).  Courts in this circuit and others have "noted that

---

[8]     The Court follows the well-articulated reasoning from *Dowell* in conducting the analysis in this case.

fibromyalgia 'poses particular challenges to credibility analyses due to the limited available objective medical evidence.'" *Elburn v. Comm'r, Soc. Sec.*, No. CIV. CCB-14-0887, 2014 WL 7146972, at *3 (D. Md. Dec. 12, 2014) (quoting *Gavigan v. Barnhart*, 261 F. Supp. 2d 334, 340 (D. Md. 2003)); *see, e.g.*, *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996) ("[Fibromyalgia's] cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia.").

In this case, the ALJ found at step two that Plaintiff's fibromyalgia was a severe impairment. Despite this finding, the ALJ relied exclusively on objective medical evidence—namely, "musculoskeletal and neurological examinations"—to evaluate Plaintiff's fibromyalgia as it related to her residual functional capacity. Tr. at 25. The ALJ's analysis fails to account for the subjective nature of fibromyalgia. As explained above, fibromyalgia has symptoms that are wholly subjective, and neither its presence nor severity can be confirmed by laboratory tests. *Dowell*, 2015 WL 1524767, at *3. Ruling 12-2p recognizes the difficulty of objectively establishing the severity of fibromyalgia, given the Ruling's emphasis on considering the "longitudinal record whenever possible because the symptoms of FM [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" 77 Fed. Reg. at 43,644. Thus, the mere lack of objective medical evidence (i.e., MRIs and X-rays) does not in itself preclude a finding of disability when a claimant suffers from fibromyalgia.

Additionally, the ALJ's reliance on "musculoskeletal and neurological examinations [that] *have generally been within normal limits*" in assigning Plaintiff's RFC is inconsistent with his finding at step two that Plaintiff's fibromyalgia was a severe impairment. Tr. at 25 (emphasis added). "To be a severe impairment at step two, the ALJ must have concluded that [Plaintiff]'s fibromyalgia significantly limited her ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c)."

*Dowell*, 2015 WL 1524767, at *3. Although a finding at step two that a claimant has a severe impairment does not automatically require a corresponding restriction in the RFC determination, the Court in the instant case cannot deduce whether the ALJ considered Plaintiff's subjective complaints of fibromyalgia pain in determining her RFC. *See id.*

Finally, "while the ALJ does not have to discuss every piece of evidence, the ALJ cannot cherry-pick the evidence that supports his decision to the exclusion of evidence favorable to the claimant. This is particularly troubling in cases of fibromyalgia where the symptoms are subjective in nature." *Id.* At the administrative hearing, the ALJ asked Plaintiff the following questions:

> Q: Where do you experience pain?
> A: All over, sir.
> Q: Is it constant? Does it come and go?
> A: It's constant.
> Q: Does it vary in intensity? Sometimes it's worse than others?
> A: Yes, sir.

Tr. at 40. Although Plaintiff's testimony accentuates those symptoms consistent with fibromyalgia, the ALJ failed to specifically account for this testimony detailing Plaintiff's subjective complaints of pain.

The record also contains the treatment notes of Dr. Mitch Twining, a rheumatologist. Tr. at 380-95, 529-82. Plaintiff regularly met with Dr. Twining—who, according to the administrative record, was Plaintiff's sole rheumatologist—over a multi-year period; from her first visit onward, Plaintiff saw Dr. Twining to receive treatment for her fibromyalgia. *See id.* Dr. Twining's treatment notes comprise a hefty longitudinal record—documenting Plaintiff's fibromyalgia—that the ALJ essentially ignored. As Plaintiff points out, Ruling 12-2p indicates the treating physician's opinion is the best evidence for determining the extent of a claimant's fibromyalgia symptoms. *See* SSR 12-2p, 77 Fed. Reg. at 43,642 ("When a person alleges FM [fibromyalgia], longitudinal records reflecting ongoing medical evaluation

and treatment from acceptable medical sources *are especially helpful* in establishing both the existence and severity of the impairment." (emphasis added)). Dr. Twining's opinions are particularly relevant given the fact that he is a rheumatologist, "[f]ibromyalgia is a rheumatic disease[,] and the relevant specialist is a rheumatologist." *Sarchet*, 78 F.3d at 307 (criticizing the ALJ for rejecting the value of the medical opinions of the plaintiff's treating rheumatologist).

Although the Court is mindful that the ALJ retains the authority to make the RFC determination, the ALJ's decision must still provide specific reasons supported by evidence in the record to clarify to the Court the weight afforded to Plaintiff's subjective complaints of fibromyalgia pain. *See Dowell*, 2015 WL 1524767, at *3. It is legally insufficient for the ALJ to merely recite some facts—but not the relevant ones—and make conclusory statements in support of the RFC determination. *Id.* "A necessary predicate to engaging in substantial evidence review is a record that adequately explains the ALJ's findings and reasoning. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). This requires that the ALJ build a logical bridge between the evidence and his conclusions." *Id.*; *see id.* at n.3 (concluding "there is simply a lack of analysis on why the ALJ discredited [the plaintiff]'s fibromyalgia symptoms").[9] Given the particular administrative decision in this case, the Court cannot ascertain whether the ALJ accounted for Plaintiff's fibromyalgia symptoms in making the RFC determination. Accordingly, the Court must remand this case for further administrative review of Plaintiff's claim for SSI benefits.[10]

---

[9] *See also Eller v. Colvin*, No. 1:14-cv-00493-LCB-JLW, 2015 WL 4489479, at *5-6 (M.D.N.C. July 22, 2015) (applying the analysis from *Dowell* and noting the reason "for remand may actually be stronger in this case because SSR 12-2p was available to the ALJ in this case, but not to the ALJ in *Dowell*"), *report and recommendation adopted by* No. 1:14-cv-00493-LCB (M.D.N.C. Aug. 13, 2015).

[10] Also on remand, the ALJ will have to reevaluate Plaintiff's credibility by reconsidering Plaintiff's subjective complaints of pain as it relates to her fibromyalgia. *See Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996) (stating the Commissioner's credibility evaluation of a claimant must account for not only the claimant's statements about

**Conclusion**

The Court has thoroughly considered the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections, and the applicable law. For the above reasons, the Court respectfully **REJECTS** the Magistrate Judge's recommendation to affirm the Commissioner's decision. The Court **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner with instructions that the Commissioner reevaluate the severity of Plaintiff's fibromyalgia and how it affects her residual functional capacity.

**IT IS SO ORDERED.**

Florence, South Carolina                                                             s/ R. Bryan Harwell
March 21, 2016                                                                        R. Bryan Harwell
                                                                                      United States District Judge

---

her pain, but also for all available evidence, "including the claimant's medical history, medical signs, and laboratory findings . . . ; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it" (internal quotation marks and citations omitted)); *id.* (stating the Commissioner may not disregard or discredit a claimant's statements about pain solely because the statements are not substantiated by objective medical evidence). The Court expresses no opinion on whether Plaintiff's subjective complaints of pain are credible.