UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Larissa A. Smith, | ) | Civil Action No.: 1:14-cv-04400-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for supplemental security income. *See* ECF No. 1. On September 21, 2015, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending that the Court affirm the Commissioner's decision on all three issues raised by Plaintiff.[1] *See* ECF No. 16. On March 21, 2016, this Court issued an order rejecting the Magistrate Judge's recommendation, reversing the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), and remanding the case to the Commissioner with instructions that the Commissioner reevaluate the severity of Plaintiff's fibromyalgia and how it affects her residual functional capacity. *See* ECF No. 22.

On June 16, 2016, Plaintiff filed a motion seeking attorney's fees, expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by

---

[1] Plaintiff argued the ALJ erred by (1) not explaining his findings regarding Plaintiff's residual functional capacity, (2) not adequately considering and weighing the medical opinions of two of Plaintiff's treating physicians, and (3) failing to properly evaluate Plaintiff's credibility. ECF No. 12 at 19-35.

the Commissioner in this action was not substantially justified.[2] *See* ECF No. 25. On July 5, 2016, the Commissioner filed a timely response in opposition asserting the motion should be denied because its position was substantially justified.[3] *See* ECF No. 26. Plaintiff did not file a reply.

Under the EAJA, a court shall award attorney's fees and other expenses to a party who prevails against the United States in a civil suit (other than a tort action), "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).[4] "The Government's position is substantially justified if it is justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2011) (internal quotation marks omitted) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In the context of Social Security cases, the United States Court of Appeals for the Fourth Circuit has explained:

> The government's position must be substantially justified in both fact and law. In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the

---

[2]     Plaintiff seeks $5,035.00 in attorney's fees, $16.00 for expenses, and $407.00 for costs. ECF No. 25 at 2.

[3]     The Commissioner does not appear to oppose the request for $407.00 in costs.

[4]     The EAJA contains a separate provision pertaining to reimbursement of costs. *See* 28 U.S.C. § 2412(a)(1). Under § 2412(a)(1), the costs eligible for inclusion in a judgment for costs are those listed in 28 U.S.C. § 1920, which include "[f]ees of the clerk and marshal" and "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(1), (4). "An award of costs under the EAJA is discretionary and does not contain the same threshold requirement for a lack of substantial justification as the attorney's fees provision." *Baker v. Colvin*, No. 1:13CV661, 2015 WL 1268260, at *5 (M.D.N.C. Mar. 19, 2015) (citing 28 U.S.C. § 2412(a)(1) (stating "a judgment for costs . . . *may* be awarded to the prevailing party" (emphasis added)). Here, Plaintiff seeks reimbursement for costs of the $400.00 filing fee and $7.00 in copies. *See* ECF No. 25-5.

> whole suit, notwithstanding that it asserts justifiable positions on the various subsidiary disputes that may arise during litigation.

*Thompson v. Sullivan*, 980 F.2d 280, 281-82 (4th Cir. 1992) (internal citations omitted). "Of course, the Government need not prevail in an action for its position to have been substantially justified. Rather, the Government will avoid paying fees as long as 'a reasonable person could [have thought]' that its litigation position was 'correct.'" *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014) (alteration in original) (quoting *Pierce*, 487 U.S. at 566 n.2). In determining whether the Government's position in a case is substantially justified, the court must "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [G]overnment acted reasonably in causing the litigation or in taking a [particular] stance during the litigation." *Id.* (alterations in original). The Government bears the burden of showing substantial justification, and the district court has discretion to determine the propriety of a fee. *Id.*

Plaintiff contends the Commissioner's factual and legal position was not substantially justified because this Court found (1) that the Administrative Law Judge ("ALJ") failed to adequately examine the severity of Plaintiff's fibromyalgia as required by Social Security Ruling 12-2p; (2) that the ALJ's reliance on a lack of objective medical evidence to support Plaintiff's fibromyalgia symptoms shows a misunderstanding of the nature of Plaintiff's fibromyalgia diagnosis and the severity of her symptoms; and (3) that the ALJ cannot cherry-pick evidence, such as Plaintiff's testimony detailing her subjective complaints of pain. ECF No. 25-1 at 4-5 (citing ECF No. 22 at 11, 12, & 14).

In response, the Commissioner asserts her position was substantially justified because the Magistrate Judge recommended affirming the ALJ's decision on all three issues raised by Plaintiff, and therefore, the Magistrate Judge's recommendation shows reasonable minds could differ on the matter.

ECF No. 26 at 6-7, 11. Additionally, the Commissioner argues she was substantially justified because she took reasonable positions regarding (1) the evidence related to Plaintiff's fibromyalgia and her residual functional capacity and (2) the ALJ's analysis of the opinion of Dr. Mitch Twining (Plaintiff's treating rheumatologist). *Id.* at 7-11.

Considering the totality of the circumstances, the Court finds the Commissioner has met her burden of showing her position was substantially justified. Although the Commissioner's position did not ultimately warrant affirmance, "'a reasonable person could [have thought]' that [her] litigation position was 'correct.'" *Meyer*, 754 F.3d at 255 (first alteration in original) (quoting *Pierce*, 487 U.S. at 566 n.2). Although the Court ultimately rejected the R & R, the Magistrate Judge's lengthy analysis and favorable recommendation on all three issues raised by Plaintiff is still "strong evidence supporting the government's defense of its position." *Johnson v. Colvin*, No. 6:12-CV-1139-RBH, 2015 WL 2345289, at *2 (D.S.C. May 14, 2015); *see also McKoy v. Colvin*, No. CA 4:12-1663-CMC, 2013 WL 6780585, at *3 (D.S.C. Dec. 19, 2013) ("While not determinative, the fact that the Magistrate Judge recommended that the Commissioner's decision be affirmed suggests that the Commissioner's position was substantially justified."). Moreover, the fact that the Court reversed and remanded the case—for the Commissioner to reevaluate the severity of Plaintiff's fibromyalgia and how it affects her residual functional capacity—does not automatically mean Plaintiff is entitled to attorney's fees. *See Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991) ("There is no presumption that the Government position was not substantially justified, simply because it lost the case." (internal quotation marks omitted)); *Evans v. Sullivan*, 928 F.2d 109, 110 (4th Cir. 1991) ("[I]t has been held that lack of substantial evidence did not, in every case, of itself, equate to lack of substantial justification . . . ."). In sum, the Court agrees with the Commissioner's arguments set forth in her response in opposition.

4

In conclusion, the Court **DENIES IN PART and GRANTS IN PART** Plaintiff's motion for attorney's fees, expenses, and costs [ECF No. 25]. The Court **DENIES** Plaintiff's request for attorney's fees and expenses because the Commissioner's position was substantially justified. The Court **GRANTS** Plaintiff's request for costs in the amount of $407.00.

**IT IS SO ORDERED.**

Florence, South Carolina                                              s/ R. Bryan Harwell
December 21, 2016                                                     R. Bryan Harwell
                                                                      United States District Judge