UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Larissa A. Smith, | ) | Civil Action No.: 1:14-cv-04400-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy Berryhill, Acting | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b). *See* ECF No. 30. Plaintiff's counsel requests an attorney fee award of $5,628.34, which represents 25% of the past-due benefits for Plaintiff. *Id.* Defendant has filed a response in support requesting that the Court authorize a payment to Plaintiff's counsel in the amount of $5,628.34. *See* ECF No. 31.

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht v. Barnhart*, the Supreme Court held that § 406(b) sets a statutory ceiling for attorney fees in social security cases of 25% of past-due benefits and calls for court review of contingency fee agreements to assure that the agreement yields reasonable results in particular cases. 535 U.S. 789, 807 (2002). Contingency fee agreements are unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Id.* When the contingency fee agreement and requested fee do not exceed 25% of the past-due benefits, "the attorney for the successful claimant must

show that the fee sought is reasonable for the services rendered." *Id*. Even where the requested fee does not exceed 25% of past-due benefits, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the 'character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case'" (i.e., the "windfall" factor). *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

In considering whether Plaintiff's counsel would receive a "windfall" from the contingency fee agreement, the Court is mindful of the fact that "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation." *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 245 (4th Cir. 2010). As the district court noted in *Wilson v. Astrue*,

> there are occasions in the practice of representing claimants where a 25 percent contingent fee agreement is reached between the claimant and counsel, but no fee is awarded because of the result achieved in the case. Thus, adherence to the 25 percent contingent fee allowed by statute in a successful case such as this one recognizes the realities facing practitioners representing social security claimants and sustains those practitioners so as to allow them to continue to make their services available to other claimants.

622 F. Supp. 2d 132, 136-37 (D. Del. 2008); *see also Gisbrecht*, 535 U.S. at 804 (recognizing "the marketplace for Social Security representation operates largely on a contingency fee basis").

Turning to Plaintiff's counsel's fee request, the Court notes Plaintiff and her counsel entered into a contingency fee agreement dated August 26, 2013, which provided that if Plaintiff received any past-due benefits after a favorable administrative determination or appeal in federal court, then Plaintiff agreed to pay her counsel 25% of past-due benefits owed Plaintiff. *See* ECF No. 30-2. After reviewing

the administrative record and briefing by the parties, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending that the Court affirm the ALJ's decision denying Plaintiff social security benefits. *See* ECF No. 16. Plaintiff filed objections to the R & R, and after conducting a de novo review, this Court subsequently rejected the R & R, reversed the Commissioner's decision, and remanded the matter for further administrative review.[1] *See* ECF Nos. 17 & 22. On remand, Plaintiff was awarded social security benefits for the period between January 2014 and ending December 2016. *See* ECF No. 30-3. Plaintiff's past-due benefits during that period amounted to $22,513.34, according to the Notice of Award. *See* ECF No. 30-3. There is no indication that Plaintiff's counsel caused any unusual delays in the case. The Court concludes that Plaintiff's counsel provided thorough and adequate representation of Plaintiff, and that Plaintiff's counsel's fee request is reasonable and not in excess of 25% of Plaintiff's past-due benefits.

For the foregoing reasons, pursuant to 42 U.S.C. § 406(b), the Court **GRANTS** Plaintiff's motion [ECF No. 30] for attorney fees in the amount of $5,628.34.

**IT IS SO ORDERED**.

March 13, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[1] The Court denied in part and granted in part Plaintiff's motion seeking attorney's fees, expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412. *See* ECF No. 29. Specifically, the Court denied Plaintiff's request for attorney's fees and expenses because the Commissioner's position was substantially justified, and granted Plaintiff's request for costs in the amount of $407.00. *Id.* at 5.